UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| MARIA BELTREZ, | } | |
| | **}** | |
| Plaintiff, | } | Civil Action, File No. |
| v | } | |
| | } | |
| ROBERT E. JUDGE, PC AND | } | |
| ROBERT E. JUDGE, | } | |
| | } | |
| Defendants. | } | |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Maria Beltrez [hereinafter "Beltrez"] by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Robert E. Judge, PC [hereinafter "REJ"] and Robert E. Judge [hereinafter "Judge"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on each Defendant's regular transaction of business within this district.  Each Defendant also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Beltrez is a natural person who resides at 8625 90th Street, Woodhaven, NY  11421.

6. Beltrez is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. REJ is a New York Professional Corporation with a principal place of business located at 365 Bridge Street, Ste. 3PRO, Brooklyn, NY 11201.

8. REJ regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another; and therefore, REJ is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

10. Judge is an "individual" with a principal place of business located at "debt collector" REJ, a partner of the "debt collector" REJ, a main financial beneficiary of "debt collector" REJ, controls and/or supervises the debt collection activities of "debt collector" REJ and/or has the authority to control and/or supervise the debt collection activities of "debt collector" REJ. Judge therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Judge is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

11. Judge is accordingly liable to Plaintiff based on being a "debt collector" and based on the

acts of REJ.

12. On or about November 15, REJ filed a lawsuit against Beltrez in the Queens County Civil Court under Index No. CV-021097-16/QU on behalf of Argentine Leasing, LP ("Argentine") to attempt to collect from Beltrez monies allegedly to Argentine related to Beltrez's rental of a residential apartment in which Beltrez at one point resided.

13. Sometime in April 2018, Beltrez received notice from her employer that it had received a wage garnishment issued by REJ to garnish Beltrez's wages to enforce a default judgment REJ had obtained against Beltrez on behalf of Argentine in the aforementioned lawsuit.

14. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15. Beltez never was served with the aforementioned lawsuit.

16. Until Beltrez received the aforementioned notice from her employer, Beltrez had no knowledge of the aforementioned lawsuit or wage garnishment.

17. On August, 14, 2018, Beltrez and REJ on behalf of Argentine entered into a Stipulation to vacate the aforementioned default judgment.

## FIRST CAUSE OF ACTION

18. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-17 of this Complaint.

19. Beltrez did not owe any money to Argentine and/or did not owe to Argentine the amount of money alleged in the aforementioned lawsuit. Therefore, Defendants violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1) by filing the lawsuit, demanding the amount claimed to be

due in the lawsuit, obtaining the default judgment against Beltrez, and/or obtaining the default judgment against Beltrez for the amount set forth in the default judgment.

## SECOND CAUSE OF ACTION

20. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-17 of this Complaint.

21. Beltrez did not owe any money to Argentine and/or did not owe to Argentine the amount of money alleged in the aforementioned lawsuit; and therefore, Defendants had no legal right to file the lawsuit, demand the amount claimed to be due in the lawsuit, obtain the default judgment against Beltrez, and/or obtain the default judgment against Beltrez for the amount set forth in the default judgment.

22. Based on the above, Defendants had no legal right to issue the wage garnishment to attempt to enforce the default judgment; and therefore, Defendants violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1) by issuing the wage garnishment.

## THIRD CAUSE OF ACTION

23. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-17 of this Complaint.

24. Defendants violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1) by not vacating the default judgment and dismissing the lawsuit after their receipt of the Order to Show Cause filed by Beltrez seeking to vacate the default judgment and dismiss the lawsuit and/or by opposing the aforementioned Order to Show Cause.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff for statutory damages, $500,000 in actual damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:      March 29, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107